UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-CR-010-KAC-DCP ) No. 3:21-CR-107-KAC-DCP |
| CRAIG STEWART | ) ) ) |
| Defendant. | ) |

**ORDER OF DETENTION PENDING TRIAL AND REVOCATION HEARING**

This case came before the Court on February 7, 2025, for a hearing to determine Defendant's release or detention pending trial on charges in 3:25-CR-10 and a revocation hearing for allegedly violating the terms of supervised release in 3:21-CR-107.[1] *See* 18 U.S.C. § 636(b). Assistant United States Attorney Keith Cook appeared on behalf of the Government. Assistant Federal Defender Nakeisha Jackson represented Defendant Craig Stewart, who was also present.[2] The Government asks the Court to detain Defendant because he poses a danger to the community. Defendant argues for release into the custody of a third-party custodian and conditions including

---

[1] On January 27, 2025, Defendant appeared on a criminal complaint in 3:25-CR-10, and the Court set a detention hearing for February 7, 2025 [3:25-CR-10, Doc. 2]. On February 5, 2025, the Grand Jury returned an Indictment [3:25-CR-10, Doc. 14]. On February 6, 2025, a Petition for Warrant for Offender Under Supervision was filed in 3:21-CR-107 [3:21-CR-107, Doc. 451]. At the hearing on February 7, 2025, Defendant was arraigned on the Indictment [3:25-CR-10, Doc. 20] and initially appeared on the Petition [3:21-CR-107, Doc. 452].

[2] Will Wing, a legal intern, accompanied Federal Defender Jackson and participated in the hearing.

location monitoring and home detention [Exh. 4].[3] For the reasons set forth below, the Court finds that Defendant shall be detained pending his trial and revocation hearing.

With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court *shall* order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released.[4] 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(a)(6); *United States v. McIntosh*, No. 02–CR–20049–02, 2012 WL 762614, *1 (E.D. Mich. Mar. 9, 2012) (observing that § 3143(a) "establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community"). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6). In assessing whether a person is not likely to flee or pose a danger, the Court considers the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger posed by releasing the person. 18 U.S.C. § 3142(g).

Here, the Court finds that these factors weigh in favor of detention. Turning to the nature and circumstances of the alleged offenses, the first factor under § 3142(g), Defendant is charged

---

[3] Defendant's proposed conditions also include that he abstain from excessive alcohol use and any unlawful use of controlled substances, participate in regular testing for prohibited substances, report every contact with law enforcement personnel, not obtain a passport, not travel outside the Eastern District of Tennessee, avoid contact with any codefendant, refrain from possessing firearms, and that he participate in any mental health or substance abuse therapy deemed appropriate by his supervising officer [Exh. 4].

[4] Defendant faces both new charges in one case and a petition to revoke his supervised release in another. The parties agree—and the Court finds—that Rule 32.1(a)(6) applies, incorporating 18 U.S.C. § 3143(a).

2
Case 3:25-cr-00010-KAC-DCP   Document 52   Filed 02/13/25   Page 2 of 7   PageID #: 105

with one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); one count of conspiring to launder money, violating 18 U.S.C. § 1956(h), (a)(1)(A)(i); five counts of aiding and abetting the distribution of cocaine, violating 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; one count of distributing cocaine, violating 21 U.S.C. § 841(a), (b)(1)(C); and one count of aiding and abetting the possession with intent to distribute five kilograms or more of cocaine, violating 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 [3:25-CR-10, Doc. 14]. The Government proffered that law enforcement officers conducted controlled buys and surveilled Defendant's home, learning that he was regularly receiving deliveries of cocaine and providing the substance to lower-level distributors. A search of his home yielded 5.6 kilograms of cocaine, materials used to package and distribute drugs, and a safe containing $27,550 in cash. As Defendant's alleged violations involve distributing large amounts of a controlled substance, the Court finds that the nature and circumstances weigh in favor of detention. *See* 18 U.S.C. § 3142(g)(1); *United States v. Homedes*, No. 5:22-CR-00033, 2022 WL 822153, at *6 (E.D. Ky. Mar. 18, 2022) (describing five kilograms or more of cocaine as a large quantity); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (collecting cases justifying detention based on the dangerous nature of drug trafficking).

The Court next turns to the weight of the evidence of the defendant's dangerousness and risk of nonappearance. 18 U.S.C. § 3142(g)(2); *see also Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness [and risk of nonappearance], not the weight of the evidence of the defendant's guilt"). Defendant's criminal history includes two prior convictions in this Court related to trafficking cocaine, in 2005 and 2021. It is also noted that he was found to have violated his pretrial release conditions in the earlier case. This history demonstrates dangerousness. *United States v. Nemetz*, No. 5:22-CR-92, 2022 WL 3365048, at *4

3

(E.D. Ky. Aug. 15, 2022) (explaining that the evidence of the defendant's dangerousness weighed strongly in favor of detention where his history included a number of drug-trafficking charges, was under supervision when he committed the offense, and had twice violated conditional release).

The third factor focuses on the defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). According to the Amended Pretrial Services Report ("APSR"), Defendant advises that he suffers from a variety of health conditions, including diabetes, heart problems, chronic obstructive lung disease, high blood pressure, and kidney issues. He further reports that since exposure to COVID-19 in 2020 and 2022, he has required the use of oxygen. Defendant also notes a history of anxiety and depression. Defendant submitted medical records in support of his argument that these health challenges show that he does not pose a risk of danger to the community. [Exh. 2, SEALED].[5] Upon reviewing his medical records, however, it appears Defendant's health conditions persisted while he was allegedly trafficking drugs, and there is no evidence that his health has worsened [*Id.*]. Unable to work, Defendant was last employed in 2008. He reports that he has not used any illegal substances since 2004. The APSR notes that while on supervised release in his 2021 case [No. 3:21-CR-107], Defendant submitted negative drug screens and he tested negative for drugs before his initial appearance in No. 3:25-CR-10.[6]

Looking to his criminal history, Defendant was convicted for drug trafficking conspiracies in 2005 and 2021 and charged with drug-related offenses in state court in 2000 and 2002. The Court notes that the prior convictions involved the same substance as the present offenses. *United*

---

[5] The APSR concluded that Defendant poses a risk of nonappearance due to his mental health history. Defendant argued against this, noting that he takes medicine and sees his primary care provider to treat his anxiety and depression. The Court does not emphasize Defendant's mental health history.

[6] According to the APSR, his urine sample first tested presumptively positive for cocaine. Lab results confirmed that the sample was negative.

*States v. Walker*, No. 20-CR-20516, 2021 WL 940912, at *4 (E.D. Mich. Mar. 12, 2021) (noting that the defendant's criminal history and current offense involved the same substances). Defendant's history demonstrates that he is "invested in criminal activity and is not likely to be dissuaded by legal consequences." *Nemetz*, 2022 WL 3365048, at *5. Defendant has ties to the community, as a lifelong resident of Tennessee, and to his family, including four siblings and five children. Even so, these relationships have not dissuaded him from engaging in serious criminal activity. *United States v. Taylor*, 449 F. Supp. 3d 668, 674 (E.D. Ky. 2020) (reasoning that defendant's history and characteristics weighed in favor of detention where long-standing community relationships did not deter him from a pattern of crime). Under these circumstances, the Court finds on balance that Defendant's history and characteristics weigh in favor of detention.

The final factor looks to the nature and seriousness of the danger that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g)(4). Defendant argues that the present offenses and his past convictions have no identifiable victim and did not have weapons present. Nonetheless, drug trafficking inherently endangers the community. *Stone*, 608 F.3d 939, 947 n.9. And "[s]ociety as a whole is the victim when illegal drugs are being distributed in its communities." *United States v. Morgan*, 657 F. Supp. 3d 976, 983 (E.D. Mich. 2023) (quoting *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008)). Moreover, there are other markers of danger here—namely, Defendant's alleged role as a leader in the conspiracy and the duration of his involvement. *United States v. Bucio*, No. 5:17-55-CR, 2019 WL 4397334, at *3 (E.D. Ky. Sept. 13, 2019) (reasoning that the defendant's leadership in drug trafficking and money laundering scheme favored detention); *cf. Monteagudo*, 2022 WL 822154, at *9 (finding that risk of danger was muted by a dearth of evidence that the defendant was involved in drug trafficking

over a long time or in a managerial role). Because Defendant continually endangers the community by distributing large amounts of cocaine, the Court finds this factor favors detention.

Defendant argues that there are conditions that can alleviate any danger that he may pose and any risk of nonappearance. Defendant proposes to return to largely the same conditions of his prior release but suggests adding location monitoring and his brother, Jackie Stewart ("J. Stewart"), as a third-party custodian. The Court is unconvinced that these conditions or any others would reasonably ameliorate the risk of danger created by Defendant's release. Home detention and location monitoring would not reduce the risk of danger, as Defendant allegedly trafficked drugs from his residence. *Nemetz*, 2022 WL 3365048, at *5 (citing *United States v. Nova,* No. CR 16-60-02, 2016 WL 6471205, at *2 (D.R.I. Nov. 1, 2016)) (finding that monitoring the defendant's location would not reasonably assure the community's safety given that the nature of drug-trafficking crimes "permits stationary involvement and discrete activity"); *cf. Monteagudo*, 2022 WL 822154, at *9 (finding home detention and location monitoring appropriate where the defendant allegedly targeted out-of-state areas to traffic drugs connected to his work as a truck driver). As for Defendant's suggested third-party custodian, J. Stewart, the Court considers his service to the country and his community, as well as his willingness to serve in this role. Yet the Government offered evidence that he threatened violence against law enforcement officers following the execution of the search warrant at the residence he and Defendant share [Exh. 1], and his testimony at the hearing revealed that he either disregarded or was unaware of his brother's alleged criminal activity at their shared residence. This leads the Court to conclude that the proposed third-party custodial relationship is not suitable to reasonably assure that Defendant would not pose a danger to the community. *See United States v. Phelps*, No. 2:20-CR-74, 2020 WL 8485117, at *8 (E.D. Tenn. Nov. 16, 2020), *report and recommendation adopted*, No.

220CR000742, 2021 WL 84534 (E.D. Tenn. Jan. 11, 2021) (finding that third-party custodian would not reasonably assure safety of community where it appeared the party "either knowingly acquiesced" to the alleged drug trafficking "or was unable to identify the signs that [the d]efendant was engaged in the activity"); *United States v. Perry*, No. 16-20062, 2017 WL 1364083, at *10 (E.D. Mich. Apr. 7, 2017) (concluding third-party custodian was not suitable where defendant trafficked drugs while living with proposed custodian). Accordingly, the Court finds that Defendant has failed to show by clear and convincing evidence that he is not a danger to the community or a risk of nonappearance. Defendant is **ORDERED DETAINED** pending his trial and revocation hearing.

For the reasons discussed herein, the Court **ORDERS** as follows:

(1) Defendant is **ORDERED DETAINED** pending his trial and revocation hearing;

(2) Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

7